**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| General Electric Capital Business Asset Funding Corporation of Connecticut, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>East Coast Foods I, LLC, et al.,<br><br>Defendants. | No. CV-11-1843-PHX-PGR<br><br>ORDER |

In a complaint filed on September 20, 2011, the plaintiffs allege that the Court has diversity of citizenship jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). Having reviewed the complaint, the Court finds that the jurisdictional allegations therein are patently insufficient as a matter of law to establish the existence of subject matter jurisdiction. The Court will therefore require the plaintiffs to file an amended complaint properly stating a jurisdictional basis for this action. *See* 28 U.S.C. § 1653; *see also,* Smith v. McCullough, 270 U.S. 456, 459, 46 S.Ct. 338, 339 (1926) ("The established rule is that a plaintiff, suing in federal court, must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so,

the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment.")

The existence of diversity jurisdiction is not evident from the face of the complaint inasmuch as the complaint fails to properly allege the citizenship of six of the seven named parties. First, as to the limited liability company parties, *i.e.*, plaintiff CEF Funding V, LLC and defendants East Coast Foods I, LLC and East Coast Foods II, LLC, the complaint improperly attempts to allege their citizenship as if they are corporations notwithstanding that it has been clearly established for years that a limited liability company cannot be treated as a corporation for purposes of alleging citizenship under § 1332. *See* Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("Notwithstanding LLCs' corporate traits, ... every circuit that has addressed the question treats them like partnerships for the purposes of diversity jurisdiction. ... We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens.") Since the complaint fails to set forth the citizenship of any member of these limited liability companies, the Court will require the plaintiff to specifically identity in its amended complaint each LLC member by name, specifically allege the type of business entity that any non-individual member is, and affirmatively allege the state of citizenship of each member.[1]

Second, as to the individual defendants, *i.e.*, John Lopis, Stacey Lopis, and Alfred Duff, the complaint improperly attempts to allege their citizenship by setting

---

[1] Since only a corporation or an individual may be a citizen for purposes of § 1332 jurisdiction, the amended complaint must set forth any sub-layers of partners or members the limited liability companies may have.

- 2 -

forth the location where each has a residence. *See* Steigleder v. McQuesten, 198 U.S. 141, 143, 25 S.Ct. 616, 617 (1905) ("It has long been settled that residence and citizenship [are] wholly different things within the meaning of the Constitution and the laws defining and regulating the jurisdiction of the ... courts of the United States; and that a mere averment of residence in a particular state is not an averment of citizenship in that state for the purpose of jurisdiction."); *accord*, Kanter v. Warner-Lambert Co., 265 F.3d 853, 857-58 (9th Cir. 2001) ("Plaintiffs' complaint ... state[s] that Plaintiffs were 'residents' of California. But the diversity jurisdiction statute, 28 U.S.C. § 1332, speaks of citizenship, not of residency. ... [The] failure to specify Plaintiffs' state of citizenship was fatal to [the] assertion of diversity jurisdiction.") The plaintiffs must affirmatively set forth the citizenship of each individual defendant in the amended complaint.

The plaintiffs are advised that their failure to timely or sufficiently comply with this order will result in the dismissal of this action for lack of subject matter jurisdiction. Therefore,

IT IS ORDERED that the complaint in this action is dismissed for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that the plaintiffs shall file an amended complaint properly stating a jurisdictional basis for this action no later than **October 3, 2011.**[2]

IT IS FURTHER ORDERED that the plaintiffs shall immediately provide a

/ / /

---

[2] The parties are advised that the complete capitalization of a party's name in the caption of any document filed with the Court violates LRCiv 7.1(a)(3) unless that party's name is completely capitalized in its normal use.

- 3 -

1 | copy of this order to any defendant already served with process.

DATED this 21st day of September, 2011.

_____
Paul G. Rosenblatt
United States District Judge